IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WELDON WILLIAMS,<br>　　Plaintiff, | :<br>:<br>: | |
| v. | : | Case Number: CV411-027 |
| Revco Discount Drug Centers, Inc.,<br>d/b/a CVS Pharmacy, Inc.,<br>　　Defendant. | :<br>:<br>:<br>: | |

## COMPLAINT

COMES NOW **Weldon Williams**, Plaintiff, by and through his undersigned counsel, and files this Complaint against the Defendant and respectfully allege as follows:

### INTRODUCTION

This action seeks compensatory damages, punitive damages, back pay, front pay, damages for emotional pain & suffering, damages for mental anguish, attorney fees and costs and any other damages entitled to by law, pursuant to the following statutes, which prohibit discrimination in the context of employment: 42 U.S.C. §12101 *et. seq.*, commonly known as the Americans with Disabilities Act of 1991, hereinafter "ADA;" 29 U.S.C. §2601 *et. seq.*, known as the Family and Medical Leave Act, hereinafter "FMLA;" and, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §621 et. seq., hereinafter "ADEA."

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Weldon Williams, is a 61 year old African-American resident of Savannah, Georgia.

2. At all times material to this action, the Defendant, Revco Discount Drug Centers, Inc.,

1

was a subsidiary of CVS Pharmacy, Inc., and, with a principal place of business at 1 CVS Drive, Woonsocket, RI.

3. Revco Discount Drug Centers, Inc., hereinafter referred to as "CVS", is a retail drug store chain with over 7000 retail locations.

4. This Court has jurisdiction pursuant to 28 U.S.C.A. §1331 and 28 U.S.C.A. §2000(e) 5(f)(3).

5. The actions forming the basis of this Complaint occurred in Chatham County Georgia, at CVS Store # 3979).

6. But for the unlawful employment practices alleged herein, Plaintiff would have continued to work for the Defendant.

7. Jurisdiction and venue are proper against this Defendant.

## COMPLIANCE WITH EEOC'S ADMINISTRATIVE PROCEDRUES

8. Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission, Savannah division, hereinafter referred to as the "EEOC," on December 27, 2009.

9. Plaintiff's official EEOC charge of discrimination was signed by the Plaintiff on February 26, 2010 and date stamped by the EEOC on February 26, 2010.

10. The EEOC agency charge number relative to this complaint is 415-2010-00288.

11. On or about November 12, 2010, Plaintiff received a Dismissal and Notice of Suit Rights. The Dismissal and Notice of Rights form indicates that it was mailed on November 9, 2010. (A copy of the Notice is attached to this complaint as Exhibit A).

12. This civil action is instituted in the appropriate Federal District Court within ninety (90) days of Plaintiff's receipt of the notice.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by the Defendant as a Staff Pharmacist in October of 1997.

14. Plaintiff relocated his position to the Savannah branch store sometime in January, 2004.

15. Prior to relocating to the Savannah branch store, Plaintiff negotiated relocation expenses and pay with Ron Harden.

16. Upon beginning work at the Savannah Branch store in 2004, Plaintiff, despite repeated calls to Harden and questions to the Human Resource department, never received his pay increase or incentives and was paid less than and at an annual rate less than, that of younger, less experienced pharmacist.

17. In 2007, Plaintiff began to experience a hostile work environment caused by the Pharmacist in charge, Himanshu (Sanjay) Desai, hereinafter referred to the PIC. Plaintiff frequently complained about the mistreatment and on several occasions, requested a transfer from CVS store #3979.

18. Plaintiff's complaints centered on his being treated unfairly compared to his younger Counterparts and his not receiving support staff during his shift, as requested, despite the fact that younger Pharmacist were permitted to have received help, or was granted the assistance of support staff.

19. Plaintiff's requests to transfer were ignored.

20. In 2008, Plaintiff complained to the PIC of his disability and requested to be accommodated.

21. Plaintiff has been diagnosed with a number of medical conditions, to include, Diabetes

Mellitus, Plantar Fascia Injury, Achilles Tendonitis, Tendonosis, Peripheral Neuropathy, Myositis, Premature Ventricular Contractions and Muscle Pain.

22. Some of the specific accommodations Plaintiff requested, because of his disability, were tech support from opening to closing, to be allowed to sit periodically while working in order to lessen the severity of pain and to not have to wear a tie due to his having premature ventricular contractions.

23. Plaintiff's requests to be accommodated were denied.

24. In fact, the PIC told Plaintiff that he was not going to allow the accommodation and gave Plaintiff no specific, legally justifiable reason why his request was being denied.

25. Again, in October 2008, Plaintiff complained to the PIC and requested an accommodation. Plaintiff also complained and requested an accommodation, to Renee Edge the District Manager and Diana Hardin, the Human Resource representative, in December 2008.

26. Plaintiff was never granted his request. The Defendant ignored Plaintiff's request for an accommodation.

27. As a result of having been denied his request to be accommodated, Plaintiff's condition worsened to the point where he was forced to take a medical leave of absence.

28. In early January, 2009, Plaintiff requested leave under the provisions of the FMLA.

29. Plaintiff's leave under the FMLA was approved/granted until June 9, 2009.

30. On or about June 2, 2009, Plaintiff requested to return to work.

31. On or about June 9, 2009, a completed fitness for duty form was provided to Renee Edge, District Manager and the PIC.

32. Despite providing the Defendant with the appropriate paperwork regarding his ability to

4

return to work, Plaintiff's employment was terminated.

## COUNT 1 – Americans with Disabilities Act (ADA)

33. Plaintiff incorporates the allegations alleged in paragraphs 1-24 of this Complaint as though fully set forth herein.

34. The Defendant has engaged in unlawful employment practices in violation of the Americans with Disabilities Act of 1991.

35. The Defendant failed and refused to accommodate Plaintiff's disabilities.

36. The Defendant terminated Plaintiff's employment on account of his disability and because Plaintiff exercised his right to request an accommodation.

37. Plaintiff has suffered and continues to suffer immeasurable hardship and irreparable Injury as a direct and proximate result of his unlawful termination and due Defendant's discriminatory practices as alleged herein.

38. Plaintiff is entitled to monetary relief for the Defendant's violation of the ADA.

39. Plaintiff is entitled to compensatory and punitive damages for the violation of his rights Pursuant to 42 U.S.C.§12101 *et. seq.*

## *Count II – Family and Medical Leave Act (FMLA)*

40. Plaintiff incorporates the allegations alleged in paragraphs 1-39 of this Complaint as though fully set forth herein.

41. Plaintiff specifically requested leave under the provision of the FMLA and Defendant granted such leave until June 9, 2009, as such, Plaintiff was entitled to all of his benefits and rights pursuant to the law.

42. Defendant interfered with Plaintiff's substantive rights pursuant to the FMLA when it

terminated his employment and refused to restore him back into his former position or to an "equivalent" position.

43. Defendant further restrained Plaintiff from exercising his rights under the FMLA by creating barriers, preventing him from returning to work, by placing unreasonable demands on the amount of medical information necessary for him to return to work, despite his having completed and submitted the fitness for duty form.

44. The Defendant intentionally discriminated against the Plaintiff because he exercised his right to request a leave of absence under the act and because he exercised his right to request an accommodation because of his disability, by terminating his employment.

45. The Plaintiff is entitled to monetary relief for the Defendant's violation of the FMLA.

46. The Plaintiff is entitled to compensatory damages, back pay, front pay and punitive damages for the violation of his rights under the FMLA.

## COUNT II – AGE DISCRIMINATION

47. Plaintiff incorporates the allegations alleged in Paragraphs 1-46 of this Complaint as though fully set forth herein.

48. Defendant has engaged in unlawful employment practices in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §621 et. seq.

49. The Defendant treated much younger Pharmacist differently than Plaintiff when the Defendant provided the younger Pharmacist tech support and denied the Plaintiff tech support even though Plaintiff had a disability and requested an accommodation.

50. The Defendant treated much younger Pharmacist differently and more favorably when

it paid the younger Pharmacist more than the Plaintiff, despite the fact Plaintiff was more experienced than his younger counterparts.

## DEMAND FOR RELIEF

**Wherefore,** Plaintiff demands that:

(a) He is awarded back pay, front-pay, liquidated damages, punitive damages, compensatory damages, out-of-pocket pecuniary losses, costs, interests and attorney's fees;

(b) He is granted a trial by jury; and

(c) He is provided such other and further relief as may be deemed just and proper.

Submitted this **9**th day of **February**, 2011.

Zena E. McClain
Attorney for Plaintiff
State Bar Number: 482835

31 West Congress Street, Suite 301
Post Office Box 13631
Savannah, Georgia 31416
(912) 447-5082  Office
(912) 447-5083  Facsimile

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1, the undersigned counsel of record for the Defendant, Weldon Williams certifies that she has this day served the person listed below with a copy of the foregoing Complaint, notice of lawsuit and request for waiver of service of summons:

Registered Agent
Corporation Process Company
2180 Satellite Blvd., Suite 400
Duluth, GA 30097

Such person was served copies of the aforementioned by sending such copies via certified mail, properly addressed with adequate postage affixed thereon.

This the 9th day of February, 2011.

_____
Zena E. McClain
Attorney for Plaintiff
State Bar Number 482835

P.O. Box 13631
Savannah, Georgia 31416
(912) 447-5082  Office
(912) 447-5083  Facsimile